CASE NO.: 15-23985-CIV-GAYLES/OTAZO-REYES

LAURA GUZMAN, as Personal
Representative of the Estate of
ARTURO GUZMAN, deceased,

        Plaintiff,

v.

CITY OF HIALEAH, a Florida municipal
Corporation, SERGIO VELAZQUEZ,
CHIEF OF POLICE for the City of HIALEAH
in his official capacity, RICK HERNANDEZ,
individually and in his official capacity as a
police officer for the City of HIALEAH,
ANTONIO LUIS, individually and in his
official capacity as a police officer for the
City of HIALEAH, JOHN DOE(s), individually
and in their official capacities as police officers
for the City of HIALEAH,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following Motions:

(1)     Defendant City of Hialeah's ("City") Motion to Strike Previously Dismissed with Prejudice Count II and Wherefore Clause from Count VII (hereafter, "Motion to Strike") [D.E. 66];

(2)     Defendants Rick Fernandez ("Fernandez") and Antonio Luis' ("Luis") (collectively, "Officers") Motion to Dismiss Plaintiff's Fourth Amended Complaint (hereafter, "Motion to Dismiss") [D.E. 67]; and

(3)    City's Motion to Dismiss Amended Complaint (hereafter, "Motion to Dismiss")

[D.E. 73].[1]

These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States

District Judge [D.E. 76]. The undersigned held a hearing on these matters on August 9, 2017

[D.E. 83]. For the reasons stated below, the undersigned respectfully recommends that the City's

Motion to Strike and the Officers' Motion to Dismiss be granted; and the City's Motion to

Dismiss be denied as docketed in error.

## PROCEDURAL BACKGROUND

On October 23, 2015, Plaintiff Laura Guzman ("Plaintiff" or "Guzman") commenced this

action as personal representative of the estate of her late husband Arturo Guzman ("decedent" or

"Arturo"), who died from gunshot wounds allegedly inflicted by the City's police officers when

responding to a domestic dispute call. See Compl. [D.E. 1]. In response to the City's Motion to

Dismiss, Plaintiff filed a First Amended Complaint [D.E. 18]. In an Order dated July 14, 2016,

the Court disposed of the claims in Plaintiff's Amended Complaint as follows:

> (1) Count I of the Amended Complaint, to the extent it alleges a claim against
> Defendant Velazquez, is **DISMISSED WITHOUT PREJUDICE**;
> (2) Count II is **DISMISSED WITH PREJUDICE**;
> (3) the City's Motion to Dismiss Count III is **DENIED**;
> (4) Count IV is **DISMISSED WITHOUT PREJDUICE** voluntary by the
> Plaintiff;
> (5) Count V is **DISMISSED WITH PREJUDICE**;
> (6) Count VI is **DISMISSED WITH PREJUDICE** as to the City of Hialeah and
> **DISMISSED WITHOUT PREJUDICE** as to Defendants Velasquez and Luis;
> (7) Count VII is **DISMISSED WITHOUT PREJUDICE** voluntarily by the
> Plaintiff;
> (8) Count VIII is **DISMISSED WITH PREJUDICE** as to the City of Hialeah
> and **DISMISSED WITHOUT PREJUDICE** as to Defendant Luis.

---

[1] The City's Motion to Dismiss was docketed by the Clerk's Office as part of the City's Reply in Support
of its Motion to Strike based on the title of that pleading. However, the inclusion of the words "Motion to
Dismiss" in that title is an obvious scrivener's error.

See Order [D.E. at 34 at 13]. The Court directed Guzman to file a Second Amended Complaint by July 28, 2016. Id. Thereafter, Plaintiff filed a Second Amended Complaint, a Third Amended Complaint and a Fourth Amended Complaint [D.E. 41, 55, 64].

In her latest pleading, Plaintiff asserts the following claims:

Count I:    Claim for Excessive Force by Offending Officers pursuant to 42 U.S.C. § 1983 ("Section 1983).[2]

Count II:   Section 1983—Unofficial Policy, Practice, Procedure or Custom of Excessive Force against the City.

Count III:  Section 1983—Failure to Properly Train for the Use of Deadly Force against the City.

Count VI:   Wrongful Death against Officers.

Count VII:  Section 1983—Failure to Intervene by Unknown Officer(s).

See Fourth Am. Compl. [D.E. 64].[3]

### DISCUSSION

### A.   City's Motion to Strike

The City argues that Count II should be stricken with prejudice because the Court previously dismissed that same count with prejudice when addressing Plaintiff's First Amended Complaint. Plaintiff argues that she should be allowed to replead Count II because she is now predicating her Section 1983 claim against the City on the Fourth Amendment rather than the Eighth Amendment as originally pled. The City counters that, in dismissing Count II with prejudice, the Court already declined Plaintiff's "suggestion to view the claim as one alleging a violation of the Fourth Amendment." See Order [D.E. 34 at 6-7]. Given this ruling, Plaintiff may not reassert Count II.

---

[2] The Offending Officers are Luis, Fernandez and the John Doe(s) a/k/a Unknown Officer(s). See Fourth Am. Compl. [D.E. 64 ¶ 28].

[3] There are no Counts numbered IV and V. Id.

The undersigned further finds that Plaintiff's Section 1983 claim against the City fails to allege facts that would support the existence of an Unofficial Policy, Practice, Procedure or Custom of Excessive Force on the part of the City. In Count II, Plaintiff makes conclusory allegations about the existence of such an Unofficial Policy, Practice, Procedure or Custom of Excessive Force. See Fourth Am. Compl. [D.E. 64 ¶¶ 39-47]. Plaintiff cites to seven incidents in the City over the span of ten years in which individuals were beaten, tasered, made to undress, and mutilated by a K-9; plus an individual who was shot and killed in Miami Beach by various officers including four from the City. Id. ¶¶ 45 (a)-(h). Plaintiff also cites a 2014 New York Times article for the proposition that no officer in the State of Florida has been prosecuted for the use of excessive force for over 20 years. Id. ¶ 47. These allegations are insufficient to meet the standards for Section 1983 municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

Given the Court's dismissal of Count II with prejudice, coupled with Plaintiff's failure to sufficiently allege a Monell claim against the City on her fourth amended pleading, the undersigned respectfully recommends that the City's Motion to Strike Count II with Prejudice be GRANTED.

With regard to the Wherefore Clause in Count VII, it is clear that the City should not be named in that clause because that count is not asserted against the City. Therefore, the undersigned further recommends that the City's Motion to Strike the Wherefore Clause of Count VII as to the City be GRANTED.

### B. Officers' Motion to Dismiss

The Officers move to dismiss Counts I and VI of the Fourth Amended Complaint.

In Count I, Plaintiff asserts a Section 1983 claim against the Officers in their official capacity. See Fourth Am. Compl. [D.E. 64 at 8] ("WHEREFORE, Plaintiff . . . demand[s] judgment against Defendants LUIS, FERNANDEZ, *in their official capacities* as police officer of the CITY OF HIALEAH . . .") (emphasis added). A Section 1983 claim against a government officer in his official capacity constitutes a claim against the government entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Monell, 436 U.S. at 690 n. 55 (Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."). As the Eleventh Circuit teaches, a Section 1983 claim against the City and one against the Officers would be redundant. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). At the August 9th hearing, Plaintiff argued that her Section 1983 official capacity claim against the Officers should be allowed to take the place of Count II. However, Plaintiff cannot utilize such mechanism to overcome the defects of her claim against the City. See Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) ("[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents.") (citing Graham, 473 U.S. 159).

In Count VI, Plaintiff brings a wrongful death claim against the Officers. However, such a claim is precluded by Florida's waiver of sovereign immunity statute, which provides, in pertinent part:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a).

Plaintiff alleges that the Officers acted "with malicious purpose or with a wanton and willful disregard for human rights and safety" because, during the domestic violence call, they failed to wait for the SWAT back up, barged into the room where Arturo had barricaded himself and fired indiscriminately at Arturo until their magazines had been exhausted. See Fourth Am. Compl. [D.E. 64 ¶ 67]. However, the Officers' alleged conduct does not rise to the level of "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," given that they were facing a domestic violence situation. Therefore, the Officers are not subject to personal liability for Plaintiff's wrongful death claim.[4]  Given Plaintiff's repeated unsuccessful attempts to plead viable claims, the undersigned respectfully recommends that the Officers' Motion to Dismiss Counts I and VI be granted with prejudice.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS as follows:

(1)     The City's Motion to Strike [D.E. 66] be GRANTED; Count II of the Fourth Amended Complaint be STRICKEN with prejudice; and the portion of the Wherefore Clause directed at the City be STRICKEN as irrelevant.

(2)     The Officers' Motion to Dismiss [D.E. 67] be GRANTED with prejudice.

(3)     The City's Motion to Dismiss [D.E. 73] be DENIED as docketed in error.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file timely objections may bar the

---

[4]  Curiously, the Wherefore Clause in Count VI seeks damages from the Officers "in their official capacities as police officers of the CITY OF HIALEAH," [D.E. 64 at 15], which negates the individual liability that would be imposed by Fla. Stat. § 768.28(9)(a) had Plaintiff sufficiently pled her claim.

parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 18th day of August, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record