UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-23985-GAYLES/OTAZO-REYES

**LAURA GUZMAN**, as personal
representative of the Estate of Arturo
Guzman,
        Plaintiff,

v.

**CITY OF HIALEAH, et al.,**
        Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Defendant City of Hialeah's Motion to Strike Previously Dismissed with Prejudice Count II and Wherefore Clauses from Count VII "Motion to Strike") [ECF No. 66] and Defendants Rick Fernandez and Antonio Luis's Motion to Dismiss Plaintiff's Fourth Amended Complaint[1] ("Motion to Dismiss") [ECF No. 67] (collectively the "Motions"). The Court referred the Motions to Magistrate Judge Alicia A. Otazo-Reyes pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court for a Report and Recommendation [ECF No. 76]. Judge Otazo-Reyes held a hearing on the Motions on August 9, 2017 [ECF No. 83]. On August 18, 2017, Judge Otazo-Reyes issued a Report and Recommendation ("Report") recommending that the Court grant the Motions [ECF No. 84]. Neither party filed objections to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the

---

    [1] The Fourth Amended Complaint will hereinafter be referred to as the "Complaint."

party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In regard to the City's Motion to Strike, the Court agrees with Judge Otazo-Reyes's finding that Plaintiff has failed to allege sufficient facts that would plausibly support the existence of a policy, practice, or custom of excessive force on the part of the City. The incidents cited by Plaintiff are too remote and dissimilar to plausibly establish that the City maintained a widespread practice or custom of allowing its police officers to engage in excessive force, which is what is required to state a valid *Monell* claim. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690-91 (1978). The Court also agrees that the City should not be named in the Wherefore Clause in Count VII as there is no claim asserted against the City in Count VII and because the City may not be held vicariously liable for its employees' actions under 42 U.S.C. § 1983. *Id.* at 694.

In regard to the Officers' Motion to Dismiss, the Court agrees with Judge Otazo-Reyes's finding that Count I should be dismissed as redundant of Count II as a 42 U.S.C. § 1983 claim against a government officer in his official capacity is, in actuality, merely a claim against the government entity of which the officer is an agent. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

The Court finds error with Judge Otazo-Reyes's recommendation that Plaintiff's wrongful death claim against the Officers should be dismissed. In Count VI, Plaintiff brings a state-law wrongful death claim against the individual Officers. Under Florida law, tort claims against gov-

ernment actors are governed by section 768.28, Florida Statutes, which provides in pertinent part that:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious pupose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. Plaintiff alleges the individual Officers acted with a "malicious purpose or with a wanton and willful disregard for human rights and safety when they failed to wait for the SWAT back up, barged into the room where Mr. Guzman had barricaded himself, and by firing indiscriminately at Mr. Guzman until their magazines had been exhausted." [ECF No. 64, ¶ 67]. The Report concludes that the Officers' alleged conduct does not rise to the level of bad faith or exhibit a wanton and willful disregard of human rights, safety, or property "given that [the Officers] were facing a domestic violence situation." [ECF No. 84, p.6]. However, the Report does not cite to any legal authority in support of that conclusion. *Cf. Seibert v. State,* 923 So. 2d 460, 468 (Fla. 2006) (stating that "police may enter a residence without a warrant if an objectively reasonable basis exists for the officer to believe that there is an immediate need for police assistance for the protection of life or substantial property interests."); *Espiet v. State,* 797 So. 2d 598, 602 n.2 (Fla. 5th DCA 2001) ("The provisions of section 901.15(7) which allow a law enforcement officer to arrest a person for an act of domestic violence without a warrant do not permit the forcible entry into the person's home to effectuate the arrest based on a misdemeanor offense.").

While there are certainly circumstances that may arise during a domestic violence situation that would objectively establish that a police officer acted in good faith in the use of deadly

3

force, such circumstances cannot be gleaned from the allegations in the Complaint. At this stage of the proceeding, the Court cannot accept as dispositve the Officers' argument that they "were using the force they reasonably believed necessary to effectuate the arrest of a dangerous[2] suspect and to protect their lives or the lives of others" where the allegations state that the decedent was the only individual remaining inside the home and a backup SWAT team was already en route. While there may be evidence not presently before the Court that ultimately establishes that the Officers' use of force was justified under Section 776.05(1), Florida Stautes, such evidence will need to be presented to a jury or to the Court in the form of motion for summary judgment.[3] *See Ansley v. Heinrich*, 925 F.2d 1339, 1343 (11th Cir. 1991) ("Whether the officers' use of force was reasonably necessary is an issue of fact for the jury to determine."); *Andrews v. Scott*, No. 216CV814FTM99MRM, 2017 WL 3840431, at *6 (M.D. Fla. Sept. 1, 2017) ("Whether the amount of force used was reasonable under the circumstances is not an issue the Court looks at at the motion to dismiss stage.").

The Court finds that Plaintiff's allegations, which must be taken as true, are sufficient to state a wrongful death claim. Therefore, the issue of whether the individual Officers acted with the requisite bad faith, maliciousness, or wanton and willfulness needed to avoid Florida's waiver of sovereign immunity should be decided by a jury or at summary judgment. *See McGhee v. Volusia Cty.,* 679 So. 2d 729, 733 (Fla. 1996) (holding that "the question must be put to the fact-

---

[2] The Complaint only alleges that Mrs. Guzman was involved in an unspecified "argument" with the decedent. The Complaint does not allege the occurrence of any physical violence, or that the decedent was armed or otherwise posed an immediate threat to the life and safety of Mrs. Guzman or the Officers.

[3] Notably, the case relied on by the Officers in support of dismissal pursuant to Section 776.05(1), Fla. Stat., and 768.28(9)(a), Fla. Stat., was decided at the summary judgment stage. *See Btesh v. City of Maitland, Fla.,* No. 6:10-CV-71-ORL-19DAB, 2011 WL 3269647 (M.D. Fla. July 29, 2011).

finder whether [the officer] acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property."); *Vasquez v. City of Miami Beach,* 895 F. Supp. 2d 1275, 1279 (S.D. Fla. 2012) (relying on *McGhee* to abstain from deciding bad faith sovereign immunity issue at pleading stage); *Knight v. Miami-Dade Cty.,* No. 09-23462-CIV, 2010 WL 11442714, at *5 (S.D. Fla. June 23, 2010) (denying the individual officers' motions to dismiss wrongful death claims and finding that the allegations that the officers' actions were committed with malice and wanton and willfully were sufficient at the motion to dismiss stage); *see also Claridy v. Golub,* 632 F. App'x 565, 571 (11th Cir. 2015) ("In determining whether an officer is entitled to . . . the immunity provided by § 768.28(9)(a), the relevant inquiry is whether a reasonable trier of fact could possibly conclude that the [officers] conduct was willful and wanton, or would otherwise fall within the exceptions to the statute.") (internal citations omitted).

Critically, while the Court finds the allegations in Plaintiff's wrongful death claim sufficient to withstand a Rule 12(b)(6) challenge, the Court takes no position as to the ultimate merits of Plaintiff's claim, which still remain to be proven.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes's Report and Recommendation [ECF No. 84] is **AFFIRMED AND ADOPTED IN PART** and incorporated into this Order by reference;

(2) Defendant City of Hialeah's Motion to Strike Previously Dismissed with Prejudice Count II and Wherefore Clauses from Count VII [ECF No. 66] is **GRANTED**;

(3) Count II is **DISMISSED WITH PREJUDICE**;

(4) the portion of the WHEREFORE clause directed at the City of Hialeah in Count VII is **STRICKEN**;

(5) Defendants Rick Fernandez and Antonio Luis's Motion to Dismiss Plaintiff's Fourth Amended Complaint [ECF No. 67] is **GRANTED IN PART and DENIED IN PART;**

(6) Count I is **DISMISSED WITH PREJUDICE;**

(7) Defendants Rick Fernandez and Antonio Luis shall answer Count VI within fourteen (14) days of the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE